# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-10556
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 20, 2024

Lyle W. Cayce
Clerk

Chad R. Harris,

*Plaintiff—Appellant*,

*versus*

Amazon.com, Incorporated,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2279

———————————————————————

Before Davis, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, Chad R. Harris, proceeding pro se, appeals the district court's judgment granting the Rule 12(b)(6) motion to dismiss filed by Defendant-Appellee, Amazon.Com, Incorporated ("Amazon"), seeking dismissal of Harris's Title VII claims. For the reasons set forth below, we VACATE and REMAND.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

## I. BACKGROUND

In his complaint, Harris alleged the following:  On November 28, 2021, he was hired to work in Amazon's Coppell, Texas, facility as a "packer."  The job description for this position stated that the duties included, inter alia, packaging, labeling, and inspecting orders to be delivered.  However, within weeks of starting, Amazon assigned Harris other duties, which became "more labor intensive."  Harris ultimately was "moved into 'Tote Running,' which is considered by most if not every packer, as the hardest physical job in the packing area," and "[t]his assignment was only given to men."

According to Harris, "most of the time during peak season," two tote runners were assigned to approximately seventy to seventy-five packers.  A packer would stack twelve totes, and then the tote runner would move each stack of twelve totes to the end of the line.  Tote runners would move the stacks by loading them on to a cart, which could hold eight stacks.  Once loaded, the cart weighed roughly 500 pounds.  Tote runners would then push the cart about one-eighth of a mile, remove and put the totes in a standing area, and then push the empty cart (which weighed about 120 pounds) back to the beginning of the line to repeat.  Tote runners would do this for ten hours a day.  Harris contends that "measured by sports watches, the daily distance traveled per day was consistently between twelve and twenty miles."  Harris "reported his concerns that only men pushed totes."  The response from his managers was that tote running was "too hard for women."

When Harris on occasion asked to be relieved of tote running due to physical exhaustion, management would initially agree, but then never follow through.  On April 13, 2022, Harris told his manager that "his knees experienced pain/agony" and that he did not want to push the cart on the

longer route.  Harris was told to go home or ask for accommodations, but Harris "did not wish to report any prior pains in [his] knees."

On July 27, 2022, Harris filed a complaint with the Equal Employment Opportunity Commission ("EEOC").  Harris alleged that Amazon was discriminating against him on the basis of his sex because female packers were not required to be tote runners like male packers. On August 15, 2022, Harris was sent to train in another area of the building called "stow."  Harris alleged that stow was a less desirable job assignment and that he was sent there in direct retaliation for filing his EEOC complaint.  The position is less desirable because Harris no longer has the ability to receive "voluntary time off" and his meal breaks are now at 10:00 A.M. and 2:00 P.M., instead of 11:00 A.M. and 3:00 P.M.  He also alleges that he has physical pain and suffering in his knee area and in both legs.  He has pain in his knees while walking up stairwells and cramps in the same area at night while asleep.  Prior to his tote runner job, he did not have these pains, and the pain has persisted even after being removed from tote running.

Harris alleges as his first cause of action, discrimination in violation of Section 2000e-2 of the Civil Rights Act.  He asserts that he has been denied the same terms and conditions of employment available to women by placing him in a substantially more physically demanding position.  Harris alleges that he has suffered mental anguish, emotional distress, depression, humiliation, loss of self-esteem, and emotional pain and suffering, as well as physical pain and suffering.  For his second cause of action, Harris alleges that Amazon unlawfully retaliated against him for filing an EEOC complaint when they transferred him to stow.

In response, Amazon filed an answer as well as a Rule 12(b)(6) motion to dismiss for failure to state a claim.  Amazon argued that Harris's first cause of action—his discrimination claim—should be dismissed because he failed

to allege that he suffered an "adverse employment action," which is a required element of a discrimination claim. Amazon similarly argued that Harris's second cause of action—his retaliation claim—should also be dismissed for lack of a "materially adverse" employment action. The magistrate judge noted that under this Court's jurisprudence, "adverse employment action" meant an "ultimate employment decision" such as "hiring, firing, demoting, promoting, granting leave, and compensating." The magistrate judge therefore recommended that Harris's complaint be dismissed. Overruling Harris's objections, the district court adopted the magistrate judge's recommendation and dismissed Harris's complaint. Harris filed a timely notice of appeal.

## II. DISCUSSION

On appeal, Harris argues that under this Court's recent en banc decision in *Hamilton v. Dallas County*,[1] his allegations support the required element of adverse employment action to state a sex-discrimination and retaliation claim. In *Hamilton*, which we decided after the district court's decision in this case, we overturned our precedent requiring a plaintiff to allege discrimination with respect to an "ultimate employment decision" in order to state a discrimination claim. We held that "a plaintiff need only show that [he or] she was discriminated against, because of a protected characteristic, which respect to hiring, firing, compensation, or the 'terms, conditions or privileges of employment'—just as the statute says."[2] We subsequently applied *Hamilton* in another recent decision, *Harrison v. Brookhaven School District*, and held that to state a discrimination claim, a

---

[1] 79 F.4th 494 (5th Cir. 2023) (en banc).

[2] *Id.* at 506 (citing 42 U.S.C. § 2000e-2(a)(1)).

No. 23-10556

plaintiff "must allege not only an adverse action, but something more than a *de minimis* harm borne of that action."[3]

Because the district court granted Amazon's motion to dismiss without the benefit of intervening Fifth Circuit authority, we VACATE and REMAND to allow the district court, in the first instance, to address Amazon's motion to dismiss in light of *Hamilton* and *Harrison*.

_____

[3] 82 F.4th 427, 431 (5th Cir. 2023) (citation omitted).